**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SALAMA MADOFFE,**

    **Plaintiff,**　　　　　　　　　　　Case No. 2:06-cv-771
　　　　　　　　　　　　　　　　　　　　　　**JUDGE GREGORY L. FROST**
    **v.**　　　　　　　　　　　　　　　　Magistrate Judge Abel

**SAFELITE SOLUTIONS, LLC,**

    **Defendant.**

**OPINION & ORDER**

This matter comes before the Court for consideration of a Motion for Partial Stay of Action (Doc. # 2) filed by Plaintiff, Salama Madoffe ("Plaintiff"), a memorandum in opposition (Doc. # 4) filed by Defendant Safelite Solutions, LLC, ("Defendant"), and a reply. (Doc. # 6.) Also before the Court is motion to stay filed by Defendant.[1] (Doc. # 4.) For the reasons that follow, this Court **DENIES** Plaintiff's motion (Doc. # 2) and **DENIES** Defendant's motion. (Doc. # 4.)

**A. Background**

Plaintiff is a former employee of Defendant. On February 21, 2006, Plaintiff filed a complaint ("state complaint") against Defendant and Benjamin Ross, her former supervisor, in the Franklin County, Ohio, Common Pleas Court (Case No. 06CVH02-2390) alleging sex discrimination in violation of Ohio Revised Code § 4112.99 and Ohio common law. In her state complaint, Plaintiff alleges that Defendant and Ross denied her request for accommodations and retaliated against her because of her pregnancy. Trial before the common pleas court is set for

---

[1] This Court notes that Defendant incorrectly filed its motion to stay as an exhibit to its memorandum in opposition. (Doc. # 4.) Defendant should have filed its motion to stay as a separate motion. This Court, however, will consider Defendant's motion as filed.

February 20, 2007.

Thereafter, Plaintiff filed suit in this Court on September 11, 2006, against Defendant. Plaintiff alleged the following: (1) interference with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; (2) retaliation for exercising her rights under FMLA; and (3) sex discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff then filed a Motion for Partial Stay of Action (Doc. # 2) requesting that this Court stay the instant proceeding with regards to only her Title VII sex discrimination claim, pending resolution of the state court case. On October 10, 2006, Defendant filed a Memorandum in Opposition (Doc. # 4) requesting that this Court deny Plaintiff's Motion for Partial Stay, and that this Court stay the pending state court proceeding. Defendant has also filed a motion with the common pleas court requesting a stay of the state court proceeding. On October 24, 2006, Plaintiff filed a reply. (Doc. # 6.) The parties have completed briefing on this matter, and this motion is now ripe for disposition.

### B. Discussion

Defendant argues that this Court should stay the state court action. Without legal authority, Defendant posits that common sense dictates that the state court action should be stayed because "there is only one cause of action pending in State Court, whereas multiple causes of action, including Plaintiff's additional FMLA claims, are pending in Federal Court." (Doc. # 4 at 2.) This Court rejects Defendant's argument. Defendant's argument would require this Court to impermissibly interfere with a pending state court action. To issue a stay would deeply offend the principles of federalism and comity. Because the Court is without power to stay a state court action, the Court denies Defendant's motion. (Doc. # 4.)

This Court must now consider Plaintiff's request that this Court stay only her Title VII sex discrimination claim in the present case due the fact that she also has a virtually identical sex discrimination claim against Defendant pending in state court. For the reasons that follow, this Court also denies Plaintiff's motion. (Doc. # 2.)

Pursuant to the *Colorado River* abstention doctrine, federal district courts under exceptional circumstances may abstain from hearing a case due to a parallel suit in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Romaine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998); *Healthcare Capital, LLC, v. Healthmed, Inc.*, 213 F. Supp. 2d 850, 856-57 (S.D. Ohio 2002). As the Sixth Circuit has construed it, abstention is an extraordinary and narrow exception to the "virtually unflagging obligation of federal courts to exercise the jurisdiction given to them." *Romaine,* 160 F.3d at 339. Thus, the "clearest of justifications" must be present for a federal court to stay a proceeding pending the completion of the state action. *Colorado River Water Conservation Dist.*, 424 U.S. at 819; *see also Moses H. Cane Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) (refining the *Colorado River* abstention doctrine).

To determine whether or not a stay is appropriate under the *Colorado River* doctrine, this Court must undertake a two-part inquiry. *See, e.g., Healthcare Capital, LLC,* 213 F. Supp. 2d at 857. The threshold question is whether the federal and state actions are parallel. *Id.* If the actions are not considered parallel "then the Court's analysis must end, as 'the district court would have nothing in favor of which to abstain.' " *Healthcare Capital, LLC,* 213 F. Supp. 2d at 857 (quoting *Baskin v. Bath Township Bd. of Zoning*, 15 F.3d 569, 571 (6th Cir. 1994)). If it is established that the suits are parallel, the Court must analyze the actions according to a number

3

of factors outlined in *Colorado River* that might demonstrate the existence of exceptional circumstances to warrant abstention. *See, e.g., Healthcare Capital, LLC,* 213 F. Supp. 2d at 857. Cases are considered parallel when they involve the same parties and the same claims. The cases need not be identical, but the resolution of the state court action must provide complete relief for the federal action. *Healthcare Capital, LLC,* 213 F. Supp. 2d at 857; *see also Flint v. A.P. Desano & Sons*, 234 F. Supp. 2d 506, 510-11 (E.D. Pa. 2002) (stating for actions to be parallel, there must be a likelihood that the state litigation will dispose of all of the claims presented in the federal case) (citations omitted).

      Here, the pending actions in state and federal court are not parallel. This Court does find that each action involves the same parties and that each claim does arise out of the transaction or occurrence: Plaintiff's employment and separation from Defendant. Moreover, the state and federal complaint also contain claims alleging sex discrimination. Plaintiff's federal complaint, however, contains two additional claims. First, Plaintiff alleges that Defendant interfered with her rights in violation of the FLMA. Second, Plaintiff alleges that Defendant retaliated against her in violation of the FLMA. This court recognizes that two actions may still be parallel even if one action raises an additional claim. *Healthcare Capital, LLC,* 213 F. Supp. 2d at 858 (stating that although there are alleged federal claims that are not specifically set forth in the state litigation, the federal claims are so inextricably intertwined with the state claims that they comprise parallel actions.") Here, however, the claims are clearly distinct. First, success of the FMLA claims hinge on additional determinations, namely proof that Defendant intentionally retaliated against Plaintiff in response to Plaintiff exercising her statutory rights pursuant to the FLMA. There are no means by which Plaintiff could vindicate her rights under the FLMA in the

state court proceeding, which is limited solely to her state law claim of sex discrimination. Thus, the state action would not dispose of Plaintiff's FLMA claims in the federal case. This Court finds, therefore, that the actions are not parallel. *Heitmanis v. Austin*, 899 D.2d 521, 528 (6th Cir. 1990) (finding that the district court should not have abstained when additional issues not addressed by the state litigation were raised in the federal complaint).

Moreover, even if this Court did conclude, arguendo, that the two pending actions were parallel, this Court finds that this case does not present exceptional circumstances that would warrant *Colorado River* abstention.

The factors outlined by the Supreme Court as relevant to *Colorado River* abstention are: (1) whether the state court has assumed jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) whether the source of governing law is state or federal; (4) the adequacy of the state-court action to protect the federal plaintiff's rights; (5) avoidance of piecemeal litigation; (6) the order in which jurisdiction was obtained by the concurrent forums; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *See Great Earth Comp. Inc., v.* Simons, 288 F.3d 878 (6th Cir. 2002) (quoting *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001).

These factors are to be applied in a pragmatic and flexible manner. They are to be weighed and balanced against each other taking into account this Court's obligation to exercise its jurisdiction rather than viewed as a mechanical checklist. *See Healthcare Capital, LLC,* 213 F. Supp. 2d at 857.

Here, the first two factors have little or no significance. There is no res or property involved and neither party has argued that either the federal or state forum, both in Ohio is more

convenient. Furthermore, the presence of federal law in the federal case weighs heavily against abstention. The state court action will clearly not allow Plaintiff to vindicate the alleged violation of her federal rights under the FLMA. The state action, therefore, is not an adequate forum to protect Plaintiff's federal rights.

As for the avoidance of piecemeal litigation, every situation involving parallel state and federal litigation is piecemeal by definition. *See Flint*, 234 F. Supp. 2d at 513 (stating that " it is difficult to conceive of any parallel state litigation that would not satisfy 'piecemeal adjudication' factor and militate in favor of *Colorado River* abstention") (quoting *Ryan v. Johnson*, 115 F.3d 193, 197 (3d. Cir. 1997)). Thus, a stay is only appropriate when there also is a strong federal policy against such litigation. Here, there is no federal policy weighing in favor of abstention. Moreover, any concerns about judicial economy or divergent judicial rulings with respect to Plaintiff's Title VII claim do not warrant abstention. These concerns will be likely disposed of in the trial before the common pleas court. The state court's decision will in all likelihood result in a judgment regarding Plaintiff's Title VII claim that one way or another will have some preclusive effect on this Court.

Finally as to the order of filing and the relative progress of the state and federal action, this Court finds that these are the only factors that weigh in favor of abstention. Not only was the state action filed first, but substantial proceedings have taken place in the state court in contrast to the federal suit, which is in its beginning stages. This Court, however, finds that even if the two actions were parallel, the factors weighed against one another counsel heavily against abstention.

### C. Conclusion

Thus, for the reasons aforementioned, this Court **DENIES** Plaintiff's motion (Doc. # 2)

to stay her Title VII claim and **DENIES** Defendant's motion to stay the state court proceedings. (Doc. # 4.)

     **IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**