IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SALAMA MADOFFE,**

        **Plaintiff,**                                 Case No. 2:06-cv-771
                                                         JUDGE GREGORY L. FROST
      **v.**                                                        Magistrate Judge Abel

**SAFELITE SOLUTIONS, LLC,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Salama Madoffe ("Plaintiff"), filed suit against her former employer, Safelite Solutions, LLC ("Defendant" or "Safelite") on September 11, 2006.[1] Plaintiff brings causes of action under 29 U.S.C. §2601 *et seq.,* for interference by Defendant with her Family Medical Leave Act ("FMLA") rights and retaliation against her once she exercised her FMLA rights by disciplining her and terminating her employment. (Doc. # 1 ¶¶ 8-15; 17-23.) Plaintiff also brings a cause of action under Title VII, 42 U.S.C. §2000e *et seq.* for discrimination against her on account of her pregnancy. (*Id.* ¶¶ 25-32.) By separate order (Doc. # 42) this Court has granted summary judgment to Defendant on Plaintiff's FMLA claims. A jury trial in this action is scheduled to commence on April 28, 2008.

This matter is before the Court for consideration of Defendant's Motion *in Limine* to exclude testimony of Plaintiff's witnesses James Brown and Kristaline Williams at trial. (Doc. #

---

[1] On February 21, 2006, Plaintiff instituted a separate lawsuit in the Franklin County Court of Common Pleas against Defendant and Benjamin Ross, a Safelite employee, alleging sex discrimination under Ohio Revised Code § 4112.99 and Ohio common law. (*See*, Doc. # 4-1). In light of the instant lawsuit, the state court stayed that case by Order dated March 1, 2007. (*See*, Doc. # 17-1).

1

38.)  For the reasons that follow, the Court **GRANTS** Defendant's Motion *in Limine*.

### I.  Applicable Standard

**A.  Motion *in limine* standard**

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial.  *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975).  A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible.  *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388.

**B.  Failure to Disclose Pursuant to Fed. R. Civ. P. 26(a)**

Defendant seeks to exclude witnesses from testifying at trial because of Plaintiff's repeated failure to comply with the mandatory discovery obligations.  Rule 26 of the Federal Rules of Civil Procedure states that a party must provide to other parties "the name and, if

known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(I). Rule 26(e) requires a party to supplement a disclosure if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

The Court recognizes that Rule 37 of the Rules of Civil Procedure "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or was substantially justified.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citation omitted). The burden to prove harmlessness is on the party facing sanctions. *Id.*

## II. Analysis

On March 5, 2008, Defendant filed its motion *in limine* seeking to strike witnesses James Brown and Kristaline Williams[2] from Plaintiff's witness list dated August 5, 2006. Defendant argues that Plaintiff has failed to meet the mandatory disclosure requirements of Fed. R. Civ. P. 26(a) and 26(e). Specifically, Defendant argues that Plaintiff has not provided the information necessary for Defendant to locate the witnesses so that it may conduct interviews or depositions of these witnesses prior to trial. Both Plaintiff's Initial Disclosure of Witnesses and Plaintiff's

---

[2] Plaintiff's Initial Disclosure of Witnesses and Plaintiff's Response to Defendant's Interrogatory No. 1 identify Kristaline Williams simply as "Christine," yet no last name, address or phone number is provided. The same documents also name James Brown as a potential witness, but do not provide his address or phone number. (*See* Doc. # 38, Exhibits A & B.)

response to Defendant's Interrogatory No. 1 list James Brown as a former employee of Safelite having knowledge of all of Plaintiff's claims and "Christine" as a current employee of Safelite having knowledge of all of Plaintiff's claims.  (*See* Doc. # 38, Exhibits A & B.)

Defendant states that it repeatedly tried to obtain more detailed contact information for the two witnesses by sending multiple letters and emails to Plaintiff's counsel on the following dates:  10/16/06, 10/17/06, 10/20/06, 10/25/06, 10/26/06, 10/30/06, and 10/31/06.  Through its own devices, Defendant ultimately located a last known address for James Brown.  On October 25, 2006, Defendant requested that Plaintiff confirm the accuracy of the contact information, yet Plaintiff did not respond.  Plaintiff's only response to Defendant's repeated requests consisted of an e-mail, dated November 1, 2006, in which Plaintiff confirmed that "Christine" was in fact Kristaline Williams, and provided her phone number.

If Plaintiff did fail to make mandatory disclosures, the Court must impose sanctions unless such failures were harmless or substantially justified.  *See Roberts, supra*.  The Sixth Circuit has recognized that Rule 37 "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Roberts, supra, at 783*.

While Plaintiff contends that diligent efforts were made to obtain the information requested by Defendant, Plaintiff does not presently oppose Defendant's motion to strike the testimony of the two witnesses.  Therefore, the Court concludes that Plaintiff's witnesses, Kristaline Williams and James Brown, should be prohibited from testifying at trial.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion *in Limine* (Doc. #

38.)  As with all *in limine* decisions, these decisions are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

    **IT IS SO ORDERED.**

                                                  /s/   Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE