UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALAMA MADOFFE,

       Plaintiff,

   v.

SAFELITE SOLUTIONS, LLC,

       Defendant.

Case No. 2:06-cv-771
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion *in Limine* to exclude testimony relating to accommodation and retaliation claims (Doc. # 48) and Plaintiff's memorandum in opposition to Defendant's Motion *in Limine* (Doc. # 49). For the reasons that follow, the Court **GRANTS** Defendant's Motion *in Limine*.

### I. Background

Plaintiff, Salama Madoffe ("Plaintiff"), filed suit against her former employer, Safelite Solutions, LLC ("Defendant") in September 2006. Plaintiff alleged causes of action under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA") for discrimination against her on account of her pregnancy. (Doc. # 1 ¶¶ 25-32.) Plaintiff also alleges causes of action for Defendant's failure to accommodate her pregnancy and retaliation based on her pregnancy. (*Id.*)

1

By separate order (Doc. # 42) this Court has granted summary judgment to Defendant on Plaintiff's FMLA claims. In addition, by a separate order (Doc. # 44) this Court granted Defendant's Motion *in Limine* to exclude testimony of Plaintiff's witnesses James Brown and Kristaline Williams.

## II. Applicable Standards

### A. Motion *in limine* standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling *in limine* unless the moving party meets the burden of showing that the evidence in question is clearly inadmissible. *Ind. Ins. Co.*, 326 F. Supp.2d at 846; *Koch*, 2 F. Supp.2d at 1388.

2

### B. Rule 402 of the Federal Rules of Evidence

The Federal Rules of Evidence state that relevant evidence has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 402 of the Federal Rules of Evidence states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

The Commentary to Rule 402 notes that if evidence is relevant, it is up to the nonmoving party to invoke a specific rule, from the body of rules listed in Rule 402, which justifies exclusion of the evidence.

### III. Analysis

On April 2, 2008, Defendant filed its motion *in limine* to exclude testimony relating to Plaintiff's alleged accommodation and retaliation claims.  Defendant argues Plaintiff should be excluded from presenting evidence at trial to support her allegation that Defendant failed to accommodate her pregnancy by allowing her more bathroom breaks and a reduced work schedule and to support her allegation that Plaintiff was retaliated against on account of her pregnancy. (Doc. #48.)  In Plaintiff's response to Defendant's Motion she argues that she is not using "accommodation" in the technical sense but rather more like "requests for leave" or something similar. She further contends that she has not abandoned her claim of retaliation. (Doc. #49.)

## A. Accommodation Claim

Plaintiff alleges that she asked for more bathroom breaks and a reduced work schedule as "requests for leave" for her pregnancy.  Defendant argues that evidence regarding its failure to accommodate Plaintiff should be excluded because there is no requirement of accomdodation under the PDA.  Plaintiff argues she is not using the term accommodation in a technical sense but "requests for leave."

42 U.S.C. § 2000e(k) was amended to add pregnancy discrimination to Title VII and states:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, *because of or on the basis of pregnancy*, childbirth, or related medical conditions; women affected by pregnancy, childbirth, or related medical conditions *shall be treated the same for all employment-related purposes,* including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability to work…. (emphasis added)

42 U.S.C. § 2000e(k).

The Sixth Circuit Court of Appeals has held there is no "per se violations" of the PDA. *Reeves v. Swift Transportation*, 446 F.3d 637, 640 (6th Cir. 2006).  "The PDA does not require… employers to offer maternity leave or take other steps to make it easier for pregnant women to work." *Mullet v. Wayne-Dalton*, 338 F. Supp.2d 806, 812 (N.D. Ohio 2004); *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 738 (7th Cir. 1994). There is no requirement for an employer to accommodate a pregnant woman. *Tysinger v. Police Dept. of Zanesville*, 463 F.3d 569, 575 (6th Cir. 2006); *Reeves*, 446 F.3d at 641; *Mullet*, 338 F. Supp.2d at 812.  Pregnant women are to be treated the same as all other nonpregnant employees who are similarly situated. *Tysinger*, 463 F.3d at 575;

4

*Reeves*, 446 F.3d at 641; *Mullet*, 338 F. Supp.2d at 812; *Ensley-Gaines v. Runyon*, 100 F.3d 1220, 1226 (6th Cir. 1996).

Plaintiff offers no evidence of disparate treatment. Plaintiff does not offer any evidence of being treated differently than similarly situated nonpregnant employees. The Court is not persuaded by Plaintiff's argument of substituting the term accommodation for "requests for leave" or something similar. No matter the term or definition used by Plaintiff, this Circuit views it as an accommodation. Plaintiff has not cited any law in support of her argument. Defendant was not required to accommodate Plaintiff's pregnancy. The only applicable law is the PDA which does not require an employer to offer accommodations to pregnant women.

As a result, evidence regarding Defendant's failure to accommodate Plaintiff is irrelevant and inadmissible.

### B. Retaliation Claim

Plaintiff alleges she was retaliated against for taking FMLA leave. Defendant argues that evidence relating to Plaintiff's retaliation claim should be excluded because Title VII does not provide pregnant women a cause of action for retaliation and Plaintiff abandoned the claim when she failed to respond to it in response to Defendant's Summary Judgment Motion. Plaintiff argues she did not abandon the claim and Plaintiff stated sufficient facts to support a retaliation claim.

To establish a *prima facie* case of retaliation Plaintiff must prove: 1) Plaintiff engaged in an activity protected by Title VII; 2) the exercise of her civil rights was known by Defendant; 3) thereafter, Defendant took an employment action adverse to Plaintiff; and 4) there was a causal connection between protected activity and adverse

employment action. *Smith v. City of Dayton*, 830 F. Supp. 1066, 1073 (S.D. Ohio 1993); *Dunina v. Life Care Hosps. Of Dayton, Inc.*, 2008 U.S. Dist. LEXIS 41598, *11-12 (S.D. Ohio May 22, 2008); *Hinton v. Lazaroff*, 2006 U.S. Dist. LEXIS 54610, *16 (S.D. Ohio July 21, 2006). Courts have held pregnancy itself is not a protected activity to support a retaliation claim. *Kennebrew v. N.Y. City Housing Authority*, 2002 U.S. Dist. LEXIS 3038, *68-69 (S.D. N.Y. February 26, 2002) (citing *Bottge v. Suburban Propane*, 77 F. Supp.2d 310, 313 (N.D.N.Y. 1999)) ("Protected activity involves some form of objection, however informal" to discriminatory employment practices); *Speer v. Rand McNally & Co.*, 1996 U.S. Dist. LEXIS 17071 (N.D. Ill November 15, 1996) ("There cannot be, any legally distinct [from discrimination] cause of action for retaliation based on pregnancy, which is a characteristic or condition, not a 'protected activity' as that term is used in the context of retaliation claims"), *aff'd*, 123 F.3d 658 (7th Cir. 1999). This Court agrees with the reasoning of these courts and finds their holdings persuasive.

Therefore, Plaintiff cannot maintain a retaliation cause of action under the PDA and any evidence intended to support such a claim is irrelevant.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion *in Limine* (Doc. # 48). As with all *in limine* decisions, these decisions are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE